IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLDENDORFF CARRIERS GMBH & CO. KG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | NO. 4:14-CV-00129 |
| | § | ADMIRALTY- FRCP 9(H) |
| TOTAL PETROCHEMICALS & REFINING USA, INC., TOTAL SPECIALTIES USA, INC., PELICAN ISLAND STORAGE TERMINAL LLC. f/k/A/ GALVESTON TERMINALS, INC., BUFFALO MARINE SERVICE, INC. and UNIPEC AMERICA, INC., | § § § § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are four motions filed in the above-captioned matter including: Unipec's Motion to Dismiss Plaintiff Oldendorff Carriers GmbH KG & Co.'s ("Oldendorff") Second Amended Complaint (Doc. No. 87), Unipec's Motion to Dismiss Cross-Complainant Total Petrochemicals & Refining USA, Inc.'s ("TPRI") Cross-Claims (Doc. No. 93), and Unipec's Motion to Dismiss Cross-Complainant Total Specialties USA, Inc.'s ("TSUS") Cross-Claims (Doc. No. 94), and TPRI's Motion for Partial Summary Judgment (Doc. No. 101). After considering the Motions, all responses and replies thereto, and the argument of counsel, the Court finds as follows:

1. **Unipec's Motion to Dismiss Oldendorff's Complaint**

Unipec's Motion to Dismiss Oldendorff's Complaint is **GRANTED IN PART** with regards to Oldendorff's contractual claims and fraud claims, **DENIED IN PART** with regards to Oldendorff's tort claims, and **DEFERRED IN PART** with regards to Oldendorff's claim for attorney's fees.

1

It is therefore **ORDERED** that Oldendorff's claims for breach of contract, breach of express warranties, breach of implied warranties, and breach of the implied warranty of fitness for a particular purpose are hereby dismissed. Oldendorff may not assert these contractual claims against Unipec, a party with which it as no contractual privity. *See Berge-Helene Ltd. v. GE Oil & Gas, Inc.*, 896 F. Supp. 2d 582, 603 (S.D. Tex. 2012).

It is further **ORDERED** that Oldendorff's claims for fraud, fraudulent inducement, misrepresentation, negligent misrepresentation, civil conspiracy and intentional conduct are hereby dismissed. Oldendorff has not pled fraud with particularity and has failed to state a claim for which relief may be granted in that there is no showing of a specific representation made by Unipec that was justifiably relied on by Oldendorff.

It is further **ORDERED** that Oldendoff's claims negligence and products liability may proceed against Unipec. These tort claims were not invalidly assigned and are not barred in their entirety based on the economic loss rule.

It is further **ORDERED** that the issue of Oldendorff's claim for attorney's fees will be more fully developed at trial and a final ruling on this issue will be issued after that proceeding.

2.     **Unipec's Motion to Dismiss TPRI's Cross-Claim**

Unipec's Motion to Dismiss TPRI's Cross-Claim is **GRANTED IN PART** with regards to TPRI's common law indemnification and implied warranty claims and **DENIED IN PART** with regards to TPRI's claims for breach of contract/breach of express warranty.

It is therefore **ORDERED** that TPRI's claim for common law indemnification is hereby dismissed as it is precluded by its contract with Unipec.

It is further **ORDERED** that TPRI's cross-claim for breach of implied warranties is hereby dismissed. The Court withdraws its prior opinion regarding the validity of Unipec's

disclaimer of implied warranties. Unipec's disclaimer was conspicuous and valid and bars TPRI implied warranty claims.

It is further **ORDERED** that TPRI's claim for breach of contract/breach of express warranty may proceed to trial.

3.     **Unipec's Motion to Dismiss TSUS's Cross-Claims**

Unipec's Motion to Dismiss TSUS's Cross-Claim is **GRANTED**. Unipec had no contract with Unipec and therefore TSUS may not bring contractual claims against Unipec and TSUS's claim for common law indemnification is precluded by Unipec's contract with TPRI. It is therefore **ORDERED** that TSUS's cross-claims against Unipec are hereby dismissed in their entirety.

4.     **TPRI's Motion for Partial Summary Judgment**

TPRI's Motion for Partial Summary Judgment is **GRANTED**. It is therefore **ORDERED**, that TPRI's warranty disclaimer found in Clause 10 within the governing sales contract's terms and conditions was conspicuous and valid.

It is further **ORDERED** that Plaintiff's claims against TPRI are hereby dismissed in their entirety, save and except Plaintiff's sole remaining claim for alleged breach of express warranty that the fuel in question conformed to the grade stated in the sales contract.

It is further **ORDERED**, that Plaintiff's recoverable damages as against TPRI are capped at $267,036.50 pursuant to clause 11 of the sale contract terms and conditions.

Signed this ___5th___ day of __June_____, 2015

_____
U.S. District Judge Keith P. Ellison